1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

AHMED SCEGO,

                    Plaintiff,

v.

ALBERTO R. GONZALES, et al.,

                    Defendants.

No. C07-0598MJP

ORDER DENYING MOTION TO
DISMISS BUT GRANTING
MOTION TO REMAND TO USCIS
FOR ADJUDICATION OF
NATURALIZATION APPLICATION

13

14

15

16

17

18

19

      This matter comes before the Court on an Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 2.)  The Government has filed a brief that is both a response to the Court's Order to Show Cause as well as a Motion to Dismiss and/or Remand. (Dkt. No. 4.)  Having reviewed the Government's Response, Plaintiff's Response (Dkt. No. 5), the Government's Reply (Dkt. No. 8), all documents submitted in support thereof, and the record in this case, the Court DENIES the Government's motion to dismiss, but GRANTS the Government's motion to remand.

20

**Background**

21

22

23

24

25

26

      Plaintiff Ahmed Scego is a national of Somalia and has been in the United States since 1989, when he was granted asylum.  He applied for naturalization in September 2002 and was interviewed by the United States Citizen and Immigration Services (USCIS) on February 23, 2004. (See Dkt. No. 5-2, Exs. B & C.)  He passed the English language, U.S. history, and government tests. (Id., Ex. C.)

ORDER - 1

1    As of March 2, 2007, when he filed his complaint,[1] USCIS had not issued a decision on his

2    naturalization application.  In his complaint, Plaintiff asserted that the only reason USCIS had not

3    adjudicated his naturalization application was because the Federal Bureau of Investigation (FBI) had

4    not completed its "name check" of Mr. Scego.  Indeed, in its motion, the Government states that

5    USCIS had not adjudicated Mr. Scego's application for naturalization because it had not yet

6    completed all background checks.

7         On April 25, 2007, the Court ordered the Government to show cause why the Court should

8    not grant Plaintiff's application for naturalization. (Dkt. No. 2.)  On May 25, 2007, the government

9    filed a response to the order to show cause and a motion to dismiss or remand. (Dkt. No. 4.)  In that

10   motion, the Government argued that the Court lacks jurisdiction to review Plaintiff's naturalization

11   application.  In its reply to its motion, the Government states that since filing its motion, all security

12   checks of Mr. Scego, including the FBI name check, were completed.[2]  The Government offers the

13   declaration of Shelly Langlais, Supervisory District Adjudications Officer for the USCIS Seattle Field

14   Office, in which Ms. Langlais testifies that as of June 1, 2007, all of Mr. Scego's security checks,

15   including his FBI name check, are complete. (Dkt. No. 8-2, Langlais Decl. ¶ 4.)  USCIS is now

16   prepared to adjudicate Mr. Scego's citizenship application.

17

18

19

20        [1]      Plaintiff's claims are presented in an amended complaint originally filed in <u>Shamdeen v.</u>
21   <u>Gonzales</u>, C07-0164MJP.  The amended complaint in case number C07-0164MJP included claims by
     fifteen plaintiffs.  On April 23, 2007, the Court issued an order severing the claims of the plaintiffs named
22   in the amended complaint, including claims brought by Mr. Scego, into separate cases. <u>See</u> <u>Shamdeen</u>
     <u>v. Gonzales</u>, Case No. C07-0164MJP (Dkt. No. 11).

23        [2]      As part of its investigation of a naturalization applicant, USCIS conducts various security
24   and background checks, including: (1) an FBI fingerprint check for information related to an applicant's
     criminal history; (2) an Interagency Border Inspection System name check for information regarding
25   national security risks, public safety issues, and other law enforcement concerns from multiple law
     enforcement and intelligence agencies; and (3) an FBI name check, which is run against FBI investigative
26   databases containing administrative, applicant, criminal, personnel and other files. (<u>See</u> Harrison Decl.
     ¶ 4 & April 25, 2006 USCIS "Fact Sheet: Immigration Security Checks — How and Why the Process
     Works.")

1

**Discussion**

2   **I.    Jurisdiction**

3          The Court has jurisdiction over this matter.  As the Government is well aware, this Court has

4   previously decided that it has subject matter jurisdiction over this type of case under 8 U.S.C. §

5   1447(b). <u>Weir v. Gonzales</u>, No. C07-0074MJP, 2007 U.S. Dist. LEXIS 35115 (W.D. Wash. May 14,

6   2007); <u>Aslam v. Gonzales</u>, No. C06-614, 2006 U.S. Dist. LEXIS 91747 (W.D. Wash. Dec. 19,

7   2006); <u>Said v. Gonzales</u>, No. C06-986, 2006 U.S. Dist. LEXIS 67750 (W.D. Wash. Sept. 21, 2006).

8   8 U.S.C. § 1447(b) provides as follows:

9              If there is a failure to make a determination under section 1446 of this title before the
              end of the 120-day period after the date on which the examination is conducted under
10             such section, the applicant may apply to the United States district court for the district
              in which the applicant resides for a hearing on the matter.  Such court has jurisdiction
11             over the matter and may either determine the matter or remand the matter, with
              appropriate instructions, to [USCIS] to determine the matter.
12
13   The Court is not persuaded by the recent decision in <u>Walji v. Gonzales</u>, Case No. 06-20937, 2007

14   U.S. App. LEXIS 14450, at *8 (5th Cir. June 19, 2007), in which the Fifth Circuit held that a district

15   court does not obtain jurisdiction over a naturalization application until 120 days after completion of

16   the entire interview process, including the completion of all security checks.  The Court is not bound

17   by <u>Walji</u>, and under the Court's previous analysis, the Court has jurisdiction over a naturalization

18   application when USCIS has not made a decision on the application within 120 days of the

19   applicant's interview. <u>See</u> 8 U.S.C. § 1447(b); <u>Weir</u>, 2007 U.S. Dist. LEXIS 35115, at *4-5.

20          Mr. Scego was interviewed by USCIS in February 2004, triggering the start of the 120-day

21   period.  Over thirty-six months elapsed between the date of his interview and the filing of his

22   complaint on March 2, 2007.  This period exceeds the 120-day time limit required under section

23   1447(b). Therefore, because over 120 days elapsed since Plaintiff's interview, this Court has subject

24   matter jurisdiction over the issues raised in Plaintiff's complaint.  The Government's motion to

25   dismiss is DENIED.

26

1   **II.      Remand With Instructions**

2          The Government asserts that it is ready to adjudicate Mr. Scego's naturalization application,

3   and requests that the Court remand this case so that it may do so.  See <u>United States v. Hovsepian</u>,

4   359 F.3d 1144, 1159 (9th Cir. 2004) (holding that once a plaintiff files a petition for a naturalization

5   hearing under 8 U.S.C. § 1447(b), the district court assumes exclusive jurisdiction over the

6   naturalization application).  Mr. Scego opposes remand, arguing that the Government has not shown

7   cause why this Court should not immediately naturalize Mr. Scego.  Mr. Scego argues that remand

8   without a finding of eligibility would subject Mr. Scego to more unnecessary delay, and would

9   deprive the Court of jurisdiction to review an unlawful denial.

10          The most efficient course of action is to remand this matter with instructions.  Mr. Scego has

11   the burden of proving his eligibility to be naturalized. See <u>Berenyi v. INS</u>, 385 U.S. 630, 637 (1967).

12   And Congress has made criminal background checks a prerequisite to adjudication of an application

13   for naturalization. <u>See</u> Departments of Commerce, Justice, and State, the Judiciary, and Related

14   Agencies Appropriations Act, 1998, Pub. L. No. 105-119, Title I, 111 Stat. 2440, 2448 (1997),

15   <u>reprinted in</u> Historical and Statutory Notes following INA § 335, 8 U.S.C. § 1446.  USCIS is the

16   government entity best equipped to adjudicate Mr. Scego's application because USCIS processed his

17   application, conducted his interview, and orchestrated and conducted his background investigation.

18   Under 8 U.S.C. § 1447(b), the Court may remand, with appropriate instructions.

19          The Court understands that Mr. Scego is anxious because the Government has not stated that

20   it will necessarily *grant* his application for citizenship; nevertheless, the Court will not adjudicate his

21   application when USCIS is ready to do so.  If Mr. Scego's application is denied, Mr. Scego may

22   appeal USCIS's decision. <u>See</u> 8 U.S.C. § 1421(c); <u>Bellajaro v. Schiltgen</u>, 378 F.3d 1042, 1046 (9th

23   Cir. 2004) ("Section 1421(c) plainly confers jurisdiction to review the denial of an application for

24   naturalization on district courts.").

25          The Government states that it will adjudicate Mr. Scego's naturalization application within

26   thirty (30) days of a remand order.  The Court ORDERS that this matter be remanded to USCIS for

adjudication within thirty (30) days of this order.  If USCIS fails to adjudicate the matter within thirty

ORDER - 4

1  days, Mr. Scego may move to reopen this case.  Any such motion must be made within thirty (30)

2  days of the expiration of the thirty-day window for USCIS to issue a decision on the application.[3]

3                                                   **Conclusion**

4          The Government has completed all background checks and is ready to adjudicate Mr. Scego's

5  naturalization application.  The Court DENIES Defendants' motion to dismiss, GRANTS

6  Defendants' motion to remand, and REMANDS this matter to be adjudicated within thirty days of

7  this order.

8          The clerk is directed to send copies of this Order to all counsel of record.

9          Dated this 23rd day of July, 2007.

10

11                                                   Marsha J. Pechman
                                                     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26         [3]        Because USCIS has completed all background checks, including the FBI name check,
       Plaintiff's argument that the name check requirement is *ultra vires* is moot.

ORDER - 5