UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHMED SCEGO,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL MUKASEY, et al.,<br><br>                Defendants. | Case No. C07-598MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

      This matter comes before the Court on Plaintiff's motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 12.) After reviewing the motion, Defendants' response (Dkt. No. 13), Plaintiff's reply (Dkt. No. 14), and all papers submitted in support thereof, the Court GRANTS Plaintiff's motion.

**Background**

      Plaintiff Ahmed Scego is a national of Somalia and has been in the United States since 1989, when he was granted asylum. He applied for naturalization in September 2002 and was interviewed by the United States Citizen and Immigration Services ("USCIS") on February 23, 2004. (See Dkt. No. 5-2, Exs. B & C.) He passed the English language, U.S. history, and government tests. (Id., Ex. C.) As of March 2, 2007, when he filed his complaint, USCIS had not issued a decision on his naturalization application.

      Mr. Scego's claims were presented with fourteen other plaintiffs in an amended Complaint for Naturalization, Declaratory Relief and Mandamus filed by Hassan Shamdeen, Case No. C07-164MJP, pursuant to 8 U.S.C. § 1447(b). The Amended Complaint requested the following

ORDER — 1

relief:

> Plaintiffs request that the Court grant their naturalization applications, give them their oaths of citizenship and order Defendant CIS to prepare and provide certificates of naturalization. In the alternative, Plaintiffs request that the Court remand the cases to CIS with instructions that the applications be adjudicated within 30 days of the order.

(Dkt. No. 1 at 3.) In a later section of the complaint entitled "Request for Relief," Plaintiffs ask the Court to, among other things:

> Grant the applications of plaintiffs, and give the plaintiffs their oath of citizenship, or, in the alternative, order Defendant CIS to administer oaths of citizenship to plaintiffs within 10 days of the order.

(Dkt. No. 1 at 15.) On Defendants' motion, the Court severed plaintiffs' claims and created fifteen discrete cases.

Mr. Scego was assigned Case No. C07-598MJP. On April 25, 2007, the Court ordered Defendants to show cause why the Court should not grant Mr. Scego's application for naturalization. (Dkt. No. 2.) Defendants responded to the order with a motion to dismiss and/or remand. (Dkt. No. 4.) In that motion, the Government argued that the Court lacked jurisdiction to review Plaintiff's naturalization application and that Mr. Scego's application was not ready to be adjudicated because the FBI had not completed its "name check" of Mr. Scego. In its reply, the Government informed the Court that all background checks had been completed and that USCIS was prepared to adjudicate Mr. Scego's citizenship application. (See Dkt. No. 8, at 2.) On July 24, the Court issued an order in which it concluded that it has jurisdiction over this matter, denied the motion to dismiss, granted the Government's motion to remand, and instructed the Government to adjudicate Mr. Scego's application within thirty days. (Dkt. No. 9.) On August 7, USCIS issued the oath and certificate of citizenship to Mr. Scego. (See Dkt. No. 11.)

Plaintiff now brings this motion for attorneys' fees and costs pursuant to the EAJA.

**Analysis**

Under the EAJA, a litigant who has brought a civil suit against the United States is entitled to attorney's fees and costs if: (1) he is the prevailing party in the matter; (2) the government fails

ORDER — 2

to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). Additionally, the application for fees must be filed within 30 days of a final judgment. Defendants do not challenge Plaintiff's motion as untimely.

**I.      Prevailing Party**

Two factors define "prevailing party" under the EAJA. Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005). Plaintiff's action must have resulted in a "material alteration" in the parties' legal relationship and that alteration must have been "judicially sanctioned." Id. A "material alteration" means "the defendants were required to do something directly benefitting the plaintiff that they otherwise would not have had to do." Id. at 900. "A party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit." Id. at 901 n.5 (internal citations and quotation marks omitted). Mr. Scego sought the following relief in his complaint: (1) that the Court grant his naturalization application; or (2) that the Court order USCIS to adjudicate his application and administer an oath of citizenship. The Court did not award either of those forms of relief. But alternatively, Mr. Scego requested that the Court "remand the case[] to [US]CIS with instructions that the applications be adjudicated within 30 days of the Order." (Am. Compl. at 3.) The Court did remand with instructions to adjudicate within thirty days and Mr. Scego was quickly naturalized. Mr. Scego thus achieved a material alteration in his legal relationship with Defendants when his application was finally adjudicated.[1] See Al-Ghanem v. Gonzales, 2:06-CV-320TS, 2007 U.S. Dist. LEXIS 8900, at *6-7 (D. Utah Feb. 7, 2007).

---

[1] The Government suggests that Mr. Scego is not a prevailing party because he opposed the Government's efforts to remand this matter back to USCIS. But the Court's decision to remand over Plaintiff's objection does not strip him of prevailing party status. See Al-Ghanem v. Gonzales, 2:06-CV-320TS, 2007 U.S. Dist. LEXIS 8900, at *6-7 (D. Utah Feb. 7, 2007) ("The Court looks to the substance of the litigation to determine whether an applicant has substantially prevailed in its position, and not merely the technical disposition of the case or motion.") (quoting Kopunec v. Nelson, 801 F.2d 1226, 1229 (10th Cir. 1986).

ORDER — 3

The material alteration in the relationship between the parties must also be stamped with some "judicial imprimatur." Carbonell, 429 F.3d at 901.  Relief achieved through a voluntary change that was simply prompted by the lawsuit does not convey prevailing party status on the plaintiff. See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (U.S. 2001) (rejecting the "catalyst theory" on the ground that it lacks the critical factor of "judicial sanction"). Here, USCIS did not voluntarily adjudicate Mr. Scego's application, but was compelled to do so by the Court. When Mr. Scego brought this action under § 1447(b), the Court assumed exclusive jurisdiction and had two options for disposition of the matter: (1) to determine the matter on the merits; or (2) to remand the matter, with appropriate instructions, to USCIS to determine the matter. 8 U.S.C. § 1447(b); United States v. Hovsepian, 359 F.3d 1144, 1161 (9th Cir. 2004).  On July 24, 2007, the Court remanded Mr. Scego's case to USCIS with explicit instructions to adjudicate the application and reserved the right to re-establish jurisdiction if Defendants failed to comply with its order. (Dkt. No. 9.) Compare Chebli v. Chertoff, 07-CV-10750, 2008 U.S. Dist. LEXIS 7839 (E.D. Mich. Feb 4, 2008) (denying EAJA fees in § 1447(b) case where parties privately settled matter before Court held naturalization hearing). USCIS acted on Mr. Scego's application at the direction of the Court and would have violated a court order if it had not done so.

      Mr. Scego's success on the merits does not rely solely on the fact that USCIS ultimately granted his application for naturalization; instead, his success stems from the fact that USCIS adjudicated his naturalization application at all.  Section 1447(b) is "a statutory check on what could otherwise amount to an infinite amount of time available to the government in which to render a decision on the application." Alghamdi v. Ridge, No. 3:05cv344-RS, 2006 U.S. Dist. LEXIS 68498, *16 (N.D. Fla. Sep. 25, 2006).  The Ninth Circuit has found that "[a] central purpose of [§ 1447(b)] was to reduce the waiting time for naturalization applicants." Hovsepian, 359 F.3d at 1163 (citing H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statement of Rep. Morrison)). At the time he filed his complaint, Mr. Scego had been

ORDER — 4

waiting for three years for the Government to issue a decision on his naturalization application. Mr. Scego's action put an end to the delay in processing his application and forced USCIS to make a determination on his immigration status. USCIS's discretion in deciding whether to grant or deny Mr. Scego's application does not transform the adjudication of that application into a voluntary act. See Alghamdi, 2006 U.S. Dist. LEXIS 68498, at *17 ("Whether USCIS ultimately grants or denies the application are [sic] irrelevant for determining whether a plaintiff has succeeded on the merits of an action based on § 1447(b). The sole purpose of § 1447(b) is to provide the applicant with a decision on the application where a decision has been withheld for an unreasonable amount of time."). Mr. Scego is the prevailing party in this action. See id. at *39 (finding plaintiff prevailing party where court determined that application had been wrongfully delayed, scheduled hearing, issued remand order while retaining jurisdiction, and where agency then naturalized plaintiff).

**II. Substantially Justified**

A litigant may not recover fees under the EAJA if the government shows that its litigating position and "the action or failure to act by the agency upon which the civil action is based" were substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d); see also United States v. Real Prop. at 2659 Roundhill Drive, 283 F.3d 1146, 1151 n.7 (9th Cir. 2002) ("The EAJA defines the 'position of the United States' as not only its litigation position in the civil action, but also the government's action upon which the civil suit is based."). "Congress enacted the EAJA to ensure that individuals and organizations would not be deterred by the expense of unjustified governmental opposition from vindicating their fundamental rights in civil actions and in administrative proceedings." Abela v. Gustafson, 888 F.2d 1258, 1262 (9th Cir. 1989) (emphasis added). "[W]hen analyzing whether the Government was substantially justified in a particular case, courts should consider the Government's litigating position as a whole." Comm'r v. Jean, 496 U.S. 154, 161-62 (1990). The Government bears the burden of showing that its position was substantially justified. Real Prop. at 2659 Roundhill Drive, 283 F.3d at 1151

ORDER — 5

n.7.

The government's litigation position rested on two arguments: (1) lack of subject matter jurisdiction, and (2) the appropriateness of remand because USCIS is better equipped to adjudicate a naturalization petition. To find that the government's litigation position was substantially justified, the Court must determine that the arguments had "a reasonable basis in law and fact." Abela, 888 F.2d at 1264. First, a minority of courts have held that district court jurisdiction is triggered, not by the expiration of 120 days after the citizenship interview, but by the expiration of 120 days after the interview and all background checks are complete. See Danilov v. Aguirre, 370 F.Supp.2d 441, 443-44 (E.D. Va. 2005). Although Defendants knew that this Court had asserted subject matter jurisdiction over similar actions, their position against jurisdiction had a reasonable basis in law. Likewise, Defendants' argument that USCIS is better equipped to assess the merits of a naturalization application is reasonable. Thus, the Government's litigating position was reasonable.

However, the Government's failure to timely act on Mr. Scego's underlying application was not reasonable. Mr. Scego brought this action because USCIS had failed to adjudicate his naturalization petition even though he had completed his citizenship interview three years earlier. Although no statutory time limit governs the adjudication of naturalization applications, agencies are required to conclude matters presented to them within a "reasonable time." See 5 U.S.C. § 555(b). Further, the applicable regulations state that "[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization[.]" 8 C.F.R. 335.3(a). Three years is not a reasonable amount of time to wait for the agency to adjudicate the application. Compare Smirnov v. Chertoff, No. 06-10563-RWZ, 2007 U.S. Dist. LEXIS 9598 (D. Mass. Jan. 18, 2007) (two year delay unreasonable) with Simonovskaya v. Chertoff, 06-11745-RWZ, 2007 U.S. Dist. LEXIS 5446, at *6 (D. Mass. Jan. 26, 2007) (one day delay not unreasonable).

Defendants argue that they could not adjudicate the application until Mr. Scego's name

ORDER — 6

check was complete. In a similar case, the Northern District of Florida found that the explanation "that background checks were necessary and had to be completed before the plaintiff could be naturalized... merely restates, in a conclusory manner, the necessity of completing the background check; it does not <u>justify</u> the delay." <u>Alghamdi</u>, 2006 U.S. Dist. LEXIS 68498 at *43 (emphasis in original). The <u>Alghamdi</u> court reasoned:

> [W]hile a reasonable person would not dispute the necessity of conducting a background check on an applicant for naturalization, a reasonable person would require a satisfactory justification for a substantial <u>delay</u> in completing the background check. Indeed, government agencies are required to conclude matters presented to them within a "reasonable time." <u>See</u> 5 U.S.C. § 555(b). Otherwise, an applicant for naturalization remains in perpetual limbo and is by de facto, denied his citizenship, a right that has been afforded by Congress to deserving individuals since the rise of the American democracy. This is particularly true when Congress has enacted legislation permitting the applicant to apply to federal district court if a decision is not rendered on the application with 120 days of the completion of the examination under 8 U.S.C. § 1447(b).

<u>Alghamdi</u>, 2006 U.S. Dist. LEXIS 68498 at *42-43 (emphasis in original). Defendants attempt to justify the delay in processing Mr. Scego's name check by stating that the FBI does not have sufficient resources to complete the millions of name check requests it has received since the events of 9/11 and in the interest of national security, USCIS's only recourse was to wait for the results of his name check before adjudicating his application. Insufficient resources to do the job that Congress has charged the agency with doing does not substantially justify the delay in this case. <u>See</u> <u>Berishev v. Chertoff</u>, 486 F. Supp. 2d 202, 207 (D. Mass. 2007) (noting that the Government's burden to show substantial justification "cannot be borne by a general appeal to delays attributable to the FBI background check process" because otherwise, "the 120-day statutory window framed by 8 U.S.C. § 1447(b) would be of no effect"); <u>Shalan v. Chertoff</u>, No. 05-10980-RWZ, 2006 U.S. Dist. LEXIS 82795, at *6-7 (D. Mass. Nov. 14, 2006); <u>but see</u> <u>Deng v. Chertoff</u>, No. C 06-7697 SI, 2007 WL 2600732, *1 (N.D. Cal. Sept. 10, 2007) (finding delay justified because of volume of security checks conducted by agency). The Court does not find that USCIS's delay in processing Mr. Scego's naturalization application was substantially justified. And the Court does not find that any special circumstances make the awarding of fees

ORDER — 7

1 unjust.

## III. Reasonable Fees and Costs

Plaintiff is entitled to a "reasonable" amount of fees. 28 U.S.C. § 2412(b). The EAJA includes a statutory cap for attorneys' fees, unless a special factor justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). Because Mr. Scego's primary attorney needed specialized immigration law skills to file the original complaint of fifteen plaintiffs, her efforts in originating the action justify a higher market rate. See Pirus v. Bowen, 869 F.2d 536, 540-42 (9th Cir. 1989). However, Defendants greatly multiplied the work on these cases by moving to sever the action into fifteen distinct cases. Because much of the work required in this matter was duplicated for the multiple plaintiffs, the Court finds it reasonable to award the statutory rate of fees to any hours spent modifying work product for related cases. Hours billed by other members of Plaintiff's legal team are to be compensated at the statutory rate. Further, Plaintiff is entitled to reasonable costs. Because the Court acknowledges Plaintiff's primary attorney's immigration law expertise, the Court disallows any consultation fee by an outside immigration expert.

## Conclusion

The Court GRANTS the motion for attorneys' fees. Plaintiff is entitled to attorneys' fees at the market rate for time spent on any original work in preparing this action, and attorneys' fees at the statutory rate for time spent modifying original work for this action once the fifteen plaintiffs in the original complaint were severed into discrete cases. Plaintiff is also awarded reasonable costs. The parties are directed to submit a joint proposed order regarding costs and fees that accords with the Court's instructions and contains documentation of costs and time billed. The proposed order shall be submitted to the Court within twenty (20) days of this order.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: February 25, 2008.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER — 8